## STATUS OF A CORPORATION NOT COMPLETELY ORGANIZED.

### Common Pleas Court of Hamilton County.

EDWARD E. HENNEGAN v. GEORGE NUNNER ET AL.

Decided September 10, 1924.

*Corporations—Failure to Comply with all Statutory Provisions before Engaging in Business—Does not Render the Organization a Co-Partnership, When.*

1. Where a group of persons undertake to form a corporation, retain counsel for that purpose, subscribe to articles of incorporation. invest property in the new venture and hold themselves out as and believe themselves to be a corporation, the mere fact that they failed to certify to the Secretary of State when ten per cent. of the capital stock was subscribed as required by statute, and failed to elect officers or directors, does not render their status that of co-partners.

2. Where such a state of affairs exists, but no financial difficulties are disclosed and the parties are willing to take the remaining steps necessary to complete the corporate organization. an application for appointment of a receiver will be denied.

*Paul V. Connolly,* for the motion
*Henry Merland,* contra.

DIXON, J.

Heard on application for the appointment of a receiver.

The plaintiff alleges in his petition that ever since the first day of February, 1924, he and the defendants have been the sole members of a co-partnership formed for the purpose of manufacturing and selling radio equipment, sets and parts, and also the manufacturing of metal stamping equipment, in the city of Cincinnati, and that pursuant to the organization of said co-partnership and for the purpose of carrying on its business the plaintiff and the defendants have acquired the necessary machinery, tools and appliances to be used in the manufacture of radio and metal stamping equipment; that the members of the co-partnership contributed to the assets of the same in certain designated proportions, and that the net profits and losses from the business are to be divided ratably among the co-partners in accordance with the respective contributions to the assets of the co-partnership made by each partner.

Plaintiff further says that controversies have arisen between the partners, and that by reason thereof it is impossible for them to get along in harmony; that the assets of the partnership are threatened with destruction and that the conduct of said business is seriously impaired, all to the irreparable injury of the plaintiff and the good will of the partnership business..

Following these allegations plaintiff prays that the partnership may be dissolved, that a receiver be appointed to take charge of the business, conduct the same as it has heretofore been conducted pending these proceedings, and that the assets of the partnership together with the good will thereof may be sold, the debts paid, an accounting had and the remaining assets be divided equitably among the partners.

The answer of the defendants denies that any co-partnership was ever formed between the plaintiff and the defendants, but "avers" that on or about the 30th day of January, 1924, the plaintiff and the defendants subscribed to articles of incorporation for the purpose of organizing the United Metal Stamping & Radio Company, a corporation for profit under the laws of Ohio, and that said articles of incorporation were duly filed with the Secretary of State of Ohio, on or about the 5th day of February, 1924.

Defendants further say that the plaintiff, Edward K. Hennegan, who is an attorney at law, was retained by the incorporators to perfect the formation and organization of said corporation, and that acting upon the advice of plaintiff, the plaintiff and the defendants each subscribed for a certain number of shares of the stock of the proposed corporation.

Defendants further say in substance that they relied entirely upon the advice and counsel of the plaintiff in proceeding with the formation of said corporation, and that if they have failed to comply with any statutory provision relating to the organization of corporations for profit in this state, such omission, if any, is due to the failure of the plaintiff to proceed as authorized by the defendants.

Defendants further say that on or about the 15th day of March, 1924, the plaintiff as their legal adviser prepared an agreement which was executed by plaintiff and defendants

stipulating the consideration to be paid for the stock sub-scribed by each of said parties, and further say that the consideration for said stock has been paid into said company by said defendants, and that said corporation is and ever since its incorporation has been functioning as a *bona fide* corporation under the laws of the state of Ohio.

Defendants further deny that any controversy has arisen among them as to the conduct of the business.

From the evidence submitted at the hearing for the appointment of a receiver it clearly appears that the plaintiff and the defendants never intended to form a co-partnership, and as a matter of fact never have entered into a partnership agreement. On the contrary it clearly appears that plaintiff and the defendants did in good faith undertake to orzanize a corporation under the name of the United Metal Stamping & Radio Company.

It further appears from the evidence that the plaintiff, an attorney at law, was employed by the incorporators to prepare the necessary documents and take the necessary steps to form said corporation, and that pursuant to such employment the plaintiff did prepare and file with the Secretary of State of Ohio articles of incorporation for such corporation on the 5th day of February, 1924; that said corporation was formed for the purpose "of dealing in metal stamping and metal specialities, and further for the purpose of producing, acquir·ing, buying, leasing, using, and selling all machinery, equipment, etc. necessary or incident thereto, and further for the purpose of manufacturing, producing, buying and selling at retail or wholesale radio and electrical equipment and parts, and for the purpose of producing, acquiring, buying, leasing, using and selling all machinery and equipment necessary or incident thereto."

\*     \*     \* That "The capital stock of said corporation shall be twenty-five thousand dollars ($25,000) divided into two hundred and fifty (250) shares of one hundred dollars each."

The evidence further discloses that on the 9th day of February, 1924, all of the capital stock of the company was sub-

scribed for in writing by the plaintiff and defendants, in the following proportions: George J. Nunner, 95 shares; John H. Flynn, Sr., 95 shares; Edward K. Hennegan, 20 shares; John H. Flynn, Jr., 20 shares; H. F. White, 20 shares.

On March 15, 1924, the plaintiff and the defendants as the sole incorporators and stockholders in said corporation, entered into an agreement where it was stipulated how and in what manner payment for the stock subscribed by each of the incorporators should be made. The defendants Nunner and Flynn, Sr., agreed to transfer to the new company their respective interests in the assets of a former company with which they were identified; the plaintiff Hennegan, and the defendant Flynn, Jr. agreed to transfer to the new company their interest in the assets of a partnership which had formerly existed between said Hennegan and Flynn, Jr.; the defendant H. F. White in consideration of his interest in the new company agreed to remain in the employ of the new company for at least two years from the date of its formation. All of these transfers and agreements were acceptable to, and ratified by all the incorporators, and thereafter the new company commenced to transact business.

The provisions of Section 8633, General Code which provides that when ten per cent. of the capital stock of a corporation is scribed, the subscribers to the articles of incorporation, or a majority of them, at once shall so certify in writing to the Secretary of State, were never complied with by the incorporators; nor were any officers or directors ever chosen for the company.

On behalf of the plaintiff, it is urged that because these statutory provisions were never complied with no corporation has ever come into existence, and that the status of the plaintiff and defendants is that of co-partners.

The Ohio authorities do not support this contention. Section 8627 General Code provides that:

"Upon filing articles of incorporation, the persons who subscribed them, their associates, successors, and assigns, by the name and style provided therein, *shall be a body corporate,* * * * ."

In *Kardo Co.* v. *Adams,* 231 Fed. 950, syllabus 4 is as follows:

"Under General Code, Ohio, Section 8627, which provides that, 'upon filing articles of incorporation, the persons who subscribed them, their associates, successors, and assigns, by the name and style provided therein, shall be a body corporate, with succession, power to sue and be sued,' etc., the filing of such articles, followed by the transaction of corporate business creates a corporation, at least *de facto,* for the purpose of suing or being sued, although the further provisions with respect to the issuance of stock and the election of directors have not been lawfully complied with."

In *Bank* v. *Hall,* 35 O. S., 158, the court said on pages 165 and 166.

"In the second place, it by no means follows that the subscribers to the capital stock of an association supposed to be a corporation, or the persons who organize it, become individually liable for its debts, by reason of a failure upon the part of the corporation to comply with the requirements of the charter in its organization. That personal liability does not attach to stockholders as partners, or otherwise, from the circumstance that the powers of the association have been exceeded without their authorization is a principle well established. *Medill* v. *Collier,* 16 Ohio St., 599. Those only who engage in or sanction the business, not within the purposes for which the association was organized, are liable for the debts contracted in carrying such unlawful business forward. *Bianhard* v. *Hovey,* 13 Ohio, 300."

In *Garwood et al* v. *Great Western Oil Co.,* 11 O. A. R., 96, the syllabus is as follows:

"1. Failure of the subscribers to the articles of incorporation to certify in writing to the secretary of state when ten per cent. of the capital stock is subscribed, as required by Section 8633, General Gode, does not render the members of such corporation liable, individually or as partners, to the suit of a creditor who has dealt with such company as a corporation.

2. A *de facto* corporation exists where there has been an attempt to incorporate a corporation which the law authorizes to be formed, the associates are acting in good faith and there has been a user of powers which such a corporation would possess."

In the case at bar no question has been raised as to the good faith of the incorporators, including the plaintiff; each without exception put property of value into the new venture and proceeded to conduct the business of the new company under the belief that they had established a corporation. Upon the advice of the plaintiff stationery was printed carrying the corporate name of the company, and all business done by the company was done by it in a corporate character with the possible exception of its banking business, which was done in the names of the defendants Nunner and Flynn, for the reason that no officers had been elected, and hence there were no officials of the corporation to sign or endorse checks or negotiable paper.

The plaintiff and the defendants for a period of several months held themselves out to the world as a corporation, and we do not think it lies in the mouth of any of these parties at this time to deny that they actually were what they represented themselves to be. See, also, *Gaff* v. *Flesher*, 33 O. S., 107; *Rowland* v. *Meader Furniture Co.*, 38 O. S., 269.

As was said in *Benson* v. *Columbia Life Insurance Co.*, 7 N. P. (N.S.), 113, so we also say here:

"A receivership is a harsh and extraordinary remedy and a court of equity when considering the remedy will look to the equities of the entire case as well as the mere technical legal rights of plaintiffs."

Applying these well chosen words to this case, we are of the opinion that it would be a great hardship upon the defendants to take this business out of their hands and place it in the hands of a receiver merely because certain statutory provisions with reference to the formation of corporations for profit had not been complied with. Such a step would undoubtedly entail considerable loss to all parties interested in this company, and inasmuch as the evidence discloses no financial difficulties at the present time, and a desire on the part of the defendants to complete the corporate steps still necessary to be taken to conduct the business as originally intended, it is our conclusion that the motion for the appointment of a receiver should be denied.